JOHNSTONE, Justice
(concurring specially).
Haston swears and argues that she had already suffered her damage from Crow-son’s double-dealing before she discovered his double-dealing but still closed the sale to his new corporation and obtained the approval of the bankruptcy court. This contention implies that, but for Crowson’s alleged double-dealing, Haston could have sold to another buyer for more money, and that Crowson’s alleged double-dealing caused her to lose this earlier and better opportunity. Were the record to contain substantial evidence that Haston did have an earlier opportunity to sell to a different buyer for more money and that she forwent it because of Crowson’s alleged double-dealing, then her damage and her claim would have accrued at that earlier time, and her later actions in closing the sale to Crowson’s new corporation and obtaining the bankruptcy court approval *24 would have constituted only a mitigation of her damages and not a defense of waiver or estoppel available to the defendants. However, as footnote 1 in the main opinion observes, the record does not contain substantial evidence of any such earlier lost opportunity.